**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1579

YARIDIA MAGDALENA LOMEL PEREZ GREEN, a/k/a Magdalena Lomeli
Perez,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Department of Homeland Security.

Submitted: November 29, 2018                    Decided: December 6, 2018

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jordan Forsythe Greer, CAULEY FORSYTHE LAW GROUP, Charlotte, North Carolina, for Appellant. Joseph H. Hunt, Assistant Attorney General, Brianne Whelan Cohen, Senior Litigation Counsel, Mona Maria Yousif, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yaridia Magdalena Lomel Perez Green, a native and citizen of Mexico, was removed from the United States on July 18, 2000 pursuant to an expedited order of removal. She now seeks review of a Notice of Intent/Decision to Reinstate Prior Order dated April 23, 2018, which reinstated the July 18, 2000 removal order. Green first contends that her removal order was not properly reinstated, asserting that the order was deficient for failing to state the date and place she allegedly illegally reentered the United States. Because this information is not required, we find this claim to be unavailing. *See Avila-Macias v. Ashcroft*, 328 F.3d 108, 114 (3d Cir. 2003) (finding that neither reinstatement statute nor implementing regulation requires agency to specify the date and place of alien's illegal reentry in notice of reinstatement proceedings); 8 C.F.R. § 241.8(a), (b) (2018). Next, Green asserts that the reinstatement was procedurally improper because she was granted parole in order to pursue adjustment of status based on her marriage to a United States citizen. Because her parole, which has since expired, did not constitute an admission or legal entry into the United States, this claim is meritless. *See Cruz-Miguel v. Holder*, 650 F.3d 189, 198 (2d Cir. 2011).

Finally, Green contends that her due process rights were violated because counsel was not present during the reinstatement proceeding. She asserts that she had a right to counsel because she was being investigated for potential criminal charges. To succeed on a procedural due process claim, Green must demonstrate "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008); *accord Rusu*

2

*v. INS*, 296 F.3d 316, 320-22 (4th Cir. 2002). The record discloses that Green was never charged with a crime and that she otherwise fails to show that an alleged defect prejudiced the outcome of her case. Her due process claim is therefore unavailing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*